The **STATE of Ohio**, Appellee,

v.

**MERCER**, Appellant.

[Cite as *State v. Mercer* (1991), 72 Ohio App.3d 407.]

Court of Appeals of Ohio,
Marion County.

No. 9–90–2.

Decided Feb. 6, 1991.

*Jonathan Williamson*, Assistant Prosecuting Attorney, for appellee.

*Thomas Mathews*, for appellant.

---

THOMAS F. BRYANT, Judge.

This is an appeal by Gary Mercer ("appellant") from a judgment of the Marion Municipal Court convicting and sentencing him for driving while under the influence of alcohol.

On July 21, 1989, appellant was arrested for operating his automobile while under the influence of alcohol. Appellant was administered a breathalyzer test yielding a BAC reading of .212, a result within the range prohibited by R.C. 4511.19(A)(3).

Appellant had been twice convicted of violating R.C. 4511.19(A), driving while under the influence of alcohol, prior to his July 21, 1989 arrest. The dates of these two prior convictions are August 8, 1984 and September 26, 1984.

Appellant was arraigned on the present charge on July 24, 1989, at which time he entered a plea of not guilty and waived his right to a speedy trial. On January 16, 1990, appellant changed his plea to no contest. Finding appellant guilty, the trial court proceeded to sentence him to serve thirty days' imprisonment and to pay a $250 fine and costs. The court suspended appellant's operator's license for a three-year period.

It is from this sentence that appellant now appeals, asserting a single assignment of error which is:

"The trial court erred with its finding that the meaning of the phrase 'within five years of the offense' as set forth in O.R.C. 4511.99(A)(3) is the date the defendant is charged with an offense rather than the conviction date concerning the same."

R.C. 4511.99 states in pertinent part:

"(A) Whoever violates section 4511.19 of the Revised Code, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code and any disqualification imposed under section 4506.16 of the Revised Code, shall be punished as provided in division (A)(1), (2), or (3) of this section.

" * * *

"(3) If, within five years of the offense, the offender has been convicted of or pleaded guilty to more than one violation of section 4511.19 of the Revised Code * * * the court shall sentence the offender to a term of imprisonment of thirty consecutive days and may sentence the offender to a longer definite term of imprisonment of not more than one year. In addition, the court shall impose upon the offender a fine of not less than one hundred fifty nor more than one thousand dollars."

The paramount rule of statutory construction is to give effect to the intent of the legislature. *Henry v. Central Natl. Bank* (1969), 16 Ohio St.2d 16, 20, 45 O.O.2d 262, 265, 242 N.E.2d 342, 345. Initially, a court must look to the language of the statute itself to determine the legislative intent. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381. If the language of the statute is clear, unequivocal, and definite, the statute must be applied without interpretation. *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772. See, also, R.C. 1.42. If the language is found to be ambiguous, additional tests for determining legislative intent exist. Ambiguous language has been defined as "that which is doubtful or uncertain, obscure or equivocal, open to various interpretations, or having a double meaning." 85 Ohio Jurisprudence 3d (1988) 245, Statutes, Section 234.

We believe the language of R.C. 4511.99(A)(3) to be clear and unambiguous. Undoubtedly, it is the intent of the legislature that the five-year statutory period of reference conclude on the date the most recent offense was committed. The intent of the General Assembly is apparent from its use of the two different terms, "conviction" and "offense." Black's Law Dictionary defines a "conviction" as:

" * * * [T]he result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary (5 Ed.1981) 301.

An "offense" has been defined as:

" * * * [A] breach of the criminal laws." Black's Law Dictionary (5 Ed.1981) 975.

Use of the common and ordinary meaning of these words, as set forth in Black's, when construing R.C. 4511.99, results in an interpretation which

conforms to the purpose of the statute to more severely punish those individuals who have established a pattern of driving under the influence of alcohol and/or drugs. As such, appellant's two previous convictions fall within the five-year period before the date of his present offense on July 21, 1989. Appellant's assignment of error is without merit and we overrule the same.

The judgment of the Marion Municipal Court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.