[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, the state of Ohio, appeals a judgment of the Hamilton County Court of Common Pleas sentencing defendant-appellee, Francisco Morales, as a first-time offender on a conviction for driving under the influence of alcohol pursuant to R.C. 4511.19(A)(3). We affirm the sentence.
The record shows that Morales was arrested and charged for the offense at issue in this case on May 29, 1999. Before he was convicted and sentenced, he was again arrested and convicted of another violation of R.C. 4511.99. On November 13, 1999, he was convicted of the May 29 offense, and the trial court sentenced him as a first offender pursuant to R.C. 4511.99(A)(1).
In its sole assignment of error, the state contends that the trial court's sentence is void and that Morales should have been sentenced as a second offender pursuant to R.C. 4511.99(A)(2)(a). We disagree. R.C.4511.99(A)(2)(1) provides that a court may sentence an offender to a longer prison term if, within six years of the offense, the offender has been convicted of or pleaded guilty to another violation of R.C. 4511.19. Under a previous version of the statute, which provided for a five-year enhancement period, courts had stated that the phrase "within five years of the offense" meant that the convictions must have occurred within the five years immediately prior to the commission of the crime then under consideration for sentencing. See State v. Mercer (1991),72 Ohio App.3d 407, 409-410, 594 N.E.2d 1002, 1004; State v. Garcia
(Jan. 28, 1994), Lucas App. No. L-93-080, unreported. In this case, the second offense was not committed within the six-year period prior to the May 29, 1999, offense for which Morales was being sentenced. Consequently, the court did not err in failing to sentence him as a second offender. See Garcia, supra.
This case is distinguishable from State v. Forlines (Aug. 17, 1988), Hamilton App. Nos. C-870546 and C-870547, unreported. In that case, the defendant was arrested on April 27, 1987, and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). He was subsequently arrested for another violation of that statute on May 1, 1987. Sentencing for both offenses occurred on the same day. At the time, it was undisputed that the defendant had had another conviction for driving under the influence of alcohol before the two convictions at issue in that case. Consequently, the trial court treated both the April 27 and May 1, 1987, offenses as second offenses. We reversed the trial court, holding that the trial court should have treated the May 1, 1987, offense as a third offense. Since the April 27, 1986, offense occurred within the five-year period prior to the May 1, 1987, offense, it was a third offense within the meaning of the statute, unlike the offense in the present case. Accordingly, we overrule the state's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.