WINGATE ET AL., APPELLANTS, *v.* HORDGE ET AL., APPELLEES.

(No. 78-1540—Decided November 14, 1979.)

56

*Mr. Thomas J. Kilbane, Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A.,* and *Ms. Anne L. Kilbane,* for appellants.

*Messrs. Schottenstein, Garel & Zox, Mr. Gary D. Greenwald,* and *Mr. Carl Genberg,* for appellee Railroad Savings & Loan Company.

*Mr. Bernard Kanter,* for appellees Parnell and William Hordge.

*Ms. Viola Hines, pro se.*

*Mr. Robert E. Leach,* for Ohio League of Savings Associations.

*Per Curiam.* The sole question presented in the cause at bar is whether the owner of a P.O.D. savings account, opened pursuant to R. C. 2131.10, may designate more than one person as a beneficiary of the account.

Appellant contends that R. C. 2131.10 unambiguously limits depositors of P.O.D. accounts to only one beneficiary for each account. Alternately, appellant asserts that when R. C. 2131.10 is read in context and *in pari materia* with the interpretive guidelines set forth in R. C. 1.41 through 1.43,[1] it becomes evident the words "person" and "beneficiary" as used in the statute include only the singular. Appellant contends further that when the deceased named more than one beneficiary to her P.O.D. account, she failed to follow the procedure set forth in the statute for the creation of a valid P.O.D. account. Appellant argues that the deceased's attempt to transfer funds through the P.O.D. account to the individual appellees was therefore ineffectual and that the proceeds of the account should inure to the decedent's estate.

Conversely, appellees contend that when R. C. 2131.10 is interpreted in light of the rule of statutory construction set forth by the General Assembly in R. C. 1.43, the conclusion is inescapable that the words "person" and "beneficiary," as used in R. C. 2131.10, include both the singular and the plural.

R. C. 2131.10 provides, in pertinent part:

"A natural person, adult or minor, referred to in sections 2131.10 and 2131.11 of the Revised Code as the owner, may enter into a written contract with any bank, building and loan

---

[1] R. C. 1.41 provides:

"Sections 1.41 to 1.59, inclusive, of the Revised Code apply to all statutes, subject to the conditions stated in section 1.51 of the Revised Code, and to rules adopted under them."

R. C. 1.42 provides:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

R. C. 1.43 provides:

"(A) The singular includes the plural, and the plural includes the singular.

"(B) Words of one gender include the other genders.

"(C) Words in the present tense include the future."

or savings and loan association, credit union, or society for savings, authorized to receive money on an investment share certificate, share account, deposit, or stock deposit, and transacting business in this state, whereby the proceeds of the owner's investment share certificate, share account, deposit or stock deposit may be made payable on the death of the owner to another person, referred to in such sections as the beneficiary, notwithstanding any provisions to the contrary in Chapter 2107 of the Revised Code. In creating such accounts, 'payable on death' or 'payable on the death of' may be abbreviated to 'P.O.D.'***"

It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 304 N.E. 2d 378. Where the court is confronted with a statutory ambiguity, the rules of statutory interpretation may be invoked for the purpose of ascertaining the true intent of the General Assembly. See *Humphrys* v. *Winous Co.* (1956), 165 Ohio St. 45, 133 N.E. 2d 780.

In cases such as the one at bar, the General Assembly has set forth the rules by which such disputes should be resolved. Indeed, no better method exists to ascertain the correct construction of an ambiguous statute than to call upon a rule of statutory construction which the enacting body itself has provided. In R. C. 1.43 (A) the General Assembly has stated, "[t]he singular includes the plural, and the plural includes the singular." In the absence of clear language in R. C. 2131.10 to the contrary, or evidence which adequately demonstrates that such a construction is out of context with the remaining language of that statute[2] or its related provisions,[3] we con-

---

[2] R. C. 1.42 clearly requires words to "be read in context." See footnote 3, *infra,* wherein we address this requirement. However, it also provides that words which have acquired a "particular meaning***by legislative definition***shall be construed accordingly."

[3] R. C. 1107.08 (B), a statute related to R. C. 2131.10, empowers a bank to enter into a written contract with a natural person to pay the proceeds of the person's deposit at death to "another natural person" in accordance with the terms, restrictions, and limitations set forth in R. C. 2131.10 and 2131.11. Upon a review of R. C. 1107.08 (B), we conclude that it does not remove R. C. 2131.10 from the interpretive guidelines set forth in R. C. 1.43 (A).

clude that "person" and "beneficiary" as used in R. C. 2131.10 should be construed pursuant to the legislative guidelines set forth in R. C. 1.43 (A).

In view of the foregoing, appellant's propositions of law are not well taken,[4] and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[4] Appellant urges also that this court should look to legislated interpretive guidelines existing at the time R. C. 2131.10 was enacted. In particular, appellant argues that R. C. 1.10 (repealed, 134 Ohio Laws 2108, effective January 3, 1972) requires this court to analyze the "context" in which the ambiguous language was employed in arriving at legislative intent.

R. C. 1.10 provided:

"As used in the Revised Code, unless the context otherwise requires:

"(A) Words in the present tense include the future tense.

"(B) Words in the masculine gender include the feminine and neuter genders.

"(C) Words in the plural number include the singular number, and words in the singular number include the plural number."

We remain unconvinced that this statute requires us to reach a different result in the cause at bar.