The State of Ohio, Appellant, *v.* Baumholtz, Appellee.

[Cite as State *v.* Baumholtz (1990), 50 Ohio St. 3d 198.]

(No. 89-387—Submitted February 13, 1990—Decided April 18, 1990.)

*Lynn C. Slaby,* prosecuting attorney, and *Philip D. Bogdanoff,* for appellant.

*Matthew Fortado,* for appellee.

*Nick Tomino,* director of law, and *Kathleen A. Martin,* urging reversal for *amicus curiae,* Ohio Municipal Attorneys Association.

*John T. Corrigan,* prosecuting attorney, and *Leonard D. Hall,* urging reversal for *amicus curiae,* Prosecuting Attorney of Cuyahoga County.

ALICE ROBIE RESNICK, J. The issue before this court is whether the state has complied with the procedural requirements of R.C. 2933.43(C). More specifically, we are asked to determine the time frame within which the state must file a forfeiture petition so as to comport with the statute. We begin our analysis with an overview of the forfeiture provisions adopted by the General Assembly.

Enacted in 1986, R.C. 2933.42 and 2933.43 provide a framework through which the state may seek forfeiture of personal property associated with felonious criminal activity. R.C. 2933.42 expands the definition of "contraband" contained in R.C. 2901.01(M), and provides in part as follows:

"(A) No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband.

"(B) For purposes of section 2933.43 of the Revised Code, if a watercraft, motor vehicle, aircraft, or other personal property that is not within the scope of the definition of contraband in section 2901.01 of the Revised Code is used in a violation of division (A) of this section, the watercraft, motor vehicle, aircraft, or personal property is contraband and, if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture pursuant to section 2933.43 of the Revised Code.* * *"

R.C. 2933.43, in turn, provides for the seizure and forfeiture of property that comes within the purview of this expanded definition of "contraband." R.C. 2933.43(C) is the portion of the statute relevant herein, and provides in pertinent part:

"Upon the seizure of contraband pursuant to division (A) of this section, the prosecuting attorney, village solicitor, city director of law, or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case or administrative proceeding, or the attorney general if the attorney general has such responsibility, shall file a petition for the forfeiture, to the seizing law enforcement agency, of the seized contraband. The petition shall be filed in the court of common pleas of the county that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture. * * *"

No specific time limitation is set forth in this portion of the statute. Rather, the only words used are "upon seizure" the appropriate state agency "shall file a petition for the forfeiture * * * of the seized contraband." Of necessity, therefore, we must determine the intent of the legislature as to the time requirements of R.C. 2933.43(C).

Appellant asserts that it has substantially complied with all the procedural requirements set forth in R.C. 2933.43, including notice to the appellee when her car was seized, filing of the petition for forfeiture and publication of the hearing date. Moreover, while appellant admits it did not file its petition for forfeiture until December 4, 1987 (approximately five and one-half months after the car was seized), appellant contends that the failure to immediately file the petition for forfeiture upon seizure did not prejudice appellee's rights and is therefore harmless error. Appellant urges this court to hold that substantial compliance is sufficient to meet the procedural requirements of R.C. 2933.43.

Appellee contends that the legislature intended that a forfeiture petition must be filed *upon seizure,* and that a delay of five and one-half months is unreasonable.

We find two cases of the United States Supreme Court instructive in determining whether a forfeiture petition must be filed immediately upon seizure, or alternatively within a reasonable time. In *Barker* v. *Wingo* (1972), 407 U.S. 514, the court set out the criteria by which it can be determined whether an accused has been provided a speedy trial. The court, in so doing, declined to hold that the Constitution requires that a criminal defendant be tried within a specific time period, stating that to do so would "require this Court to engage in legislative or rulemaking activity." *Id.* at 523. The *Barker* court adopted a balancing test, and identified four factors. The court stated as follows:

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530.

At this point, it should be noted that in Ohio, the General Assembly has specifically provided time limitations within which an accused must be tried. For example, R.C. 2945.71 sets forth a specific time frame within which a criminal hearing or trial must be held. Depending on whether the offense is a felony or misdemeanor, the statute prescribes definite time limits within which an accused must be brought to trial. Likewise, the Revised Code is replete with provisions concerning additional matters that invoke express time requirements. Indeed, the examples are too numerous to list.[1] If the General Assembly wanted to establish a specific time for the filing of a

---

[1] It is significant that other provisions of R.C. 2933.43 do set forth specific, definite time requirements. For example, R.C. 2933.43(A)(2) provides that notice is to be given to the owner of seized property within *seventy-two hours* after the seizure. Also, paragraph (B)(1) provides for the release of a seized vehicle within seventy-two hours if the owner is not charged with a felony offense involving said vehicle. However, as noted above, the General Assembly has not established a definite time requirement for the *filing of a forfeiture petition.*

forfeiture petition, it certainly could have done so. This court will not assume the role of the legislature and, like the *Barker* court, we decline to promulgate any specific time constraints. To do so would be to engage in impermissible judicial legislation. Since no specific time limitations have been set forth by the legislature, we hold that a forfeiture petition must be filed within a reasonable time upon the seizure of the subject property under R.C. 2933.43.

In *United States* v. *Eight Thousand Eight Hundred Fifty Dollars* (1983), 461 U.S. 555, 556, the court utilized the test first announced in *Barker, supra:*

"We conclude that the four-factor balancing test of *Barker* v. *Wingo,* 407 U.S. 517 (1972), provides the relevant framework for determining whether the delay in filing a forfeiture action was reasonable."

The court concluded that an appropriate analogy may be drawn between the Sixth Amendment right to a speedy trial and the deprivation of property rights associated with forfeiture proceedings. The court went on to compare the two rights, stating:

"A more apt analogy is to a defendant's right to a speedy trial once an indictment or other formal process has issued. In that situation, the defendant no longer retains his complete liberty. Even if he is allowed to post bail, his liberty is subject to the conditions required by his bail agreement. In *Barker* v. *Wingo,* 407 U.S. 514 (1972), we developed a test to determine when Government delay has abridged the right to a speedy trial. The *Barker* test involves a weighing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530.

"Of course, *Barker* dealt with the Sixth Amendment right to a speedy trial rather than the Fifth Amendment right against deprivation of property without due process of law. Nevertheless, the Fifth Amendment claim here — which challenges only the length of time between the seizure and the initiation of the forfeiture trial — mirrors the concern of undue delay encompassed in the right to a speedy trial. The *Barker* balancing inquiry provides an appropriate framework for determining whether the delay here violated the due process right to be heard at a meaningful time." *United States* v. *$8,850, supra,* at 564.

In the absence of specific time limitations in R.C. 2933.43(C), we adopt the four factors employed by the court in *United States* v. *$8,850, supra,* as a test to determine whether the state has timely filed a petition for forfeiture according to the requirements of the statute.

From a close reading of R.C. 2933.43, we determine that the General Assembly contemplated the forfeiture petition to be filed within a reasonable time after the seizure of the subject property. In ascertaining whether the state has filed the forfeiture petition within a reasonable time, the following four factors must be considered: (1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.

Likewise, as was stressed in *Barker* and *United States* v. *$8,850, supra,* "* * * none of these factors is a necessary or sufficient condition for finding unreasonable delay. Rather, these elements are guides in balancing the interests of the claimant and the [state] * * *." *United States* v. *$8,850, supra,* at 565. Moreover, "* * * these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker, supra,* at 533. Finally, it should be noted that the determination

as to whether the state has filed a forfeiture petition within a reasonable time must be made on an *ad hoc* basis, as each fact pattern will compel different results.

When applying the foregoing test, the admonition of *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 24 O.O. 3d 64, 434 N.E. 2d 723, should be kept in mind, wherein we stated:

"Although R.C. 2933.41 is not a forfeiture statute, deprivation of defendant's right to possession of his vehicle is as onerous as if the state had declared a forfeiture. This court must construe R.C. 2933.41 strictly, keeping in mind the principle that forfeitures are not favored in law or equity. *State, ex rel. Lukens,* v. *Indus. Comm.* (1944), 143 Ohio St. 609, 611; *State, ex rel. Cline,* v. *Indus. Comm.* (1939), 136 Ohio St. 33, 35; 24 Ohio Jurisprudence 2d 524, Forfeitures, Section 4; 37 Corpus Juris Secundum 8-9, Forfeitures, Section 4. This accords with the general principle that statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed. See *Saunders* v. *Zoning Dept.* (1981), 66 Ohio St. 2d 259, 261; *Perkins* v. *Hattery* (1958), 106 Ohio App. 361, 365." *Id.* at 25-26, 24 O.O. 3d at 65, 434 N.E. 2d at 725. However, we also are aware that the General Assembly has broadened the forfeiture statute in order to control the illicit sale and use of drugs by a defendant while in the identified vehicles listed in R.C. 2933.43. Thus we must keep this legislative purpose in mind when assessing the application of the forfeiture statute.

Applying the factors set forth above, the length of delay between the seizure of the property and the filing of a petition for forfeiture must be weighed. The court in *Barker, supra,* stated that "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, * * * the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530-531. The delay in the instant case — approximately five and one-half months — is regarded as significant.

Next, the reasons for the delay must be considered. "The Government must be allowed some time to decide whether to institute forfeiture proceedings. * * * Both the Government and the claimant have an interest in a rule that allows the Government some time to investigate the situation in order to determine whether the facts entitle the Government to forfeiture so that, if not, the Government may return the * * * [property] without formal proceedings. * * * [Citation omitted.] Normally, investigating officials can make such a determination fairly quickly, so that this reason alone could rarely justify a lengthy delay." *United States* v. *$8,850, supra,* at 565-566.

In the case at bar, appellant asserts that the delay in filing the petition for forfeiture was due to the statutory requirement that the defendant be convicted of a felony before the state can obtain forfeiture of defendant's property. Further, appellant submits that even if it had filed a forfeiture petition on the very day that appellee was arrested, forfeiture proceedings could not have proceeded until the appellee was convicted of a felony. While appellant's assertions may be correct, this does not justify the delay in *filing* a petition for forfeiture for five and one-half months. The Supreme Court addressed this issue in *United States* v. *$8,850, supra,* and reasoned as follows:

"Pending criminal proceedings

present similar justifications for delay in instituting civil forfeiture proceedings. A prior or contemporaneous civil proceeding could substantially hamper the criminal proceeding, which — as here — may often include forfeiture as part of the sentence. A prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution. Compare Federal Rule of Civil Procedure 26(b) with Federal Rule of Criminal Procedure 16. In some circumstances, a civil forfeiture proceeding would prejudice the claimant's ability to raise an inconsistent defense in a contemporaneous criminal proceeding. See, *e.g.*, *United States* v. *U.S. Currency*, 626 F. 2d 11 (CA 6 1980). *Again, however, the pendency of criminal proceedings is only an element to be considered in determining whether delay is unreasonable.* Although federal criminal proceedings are generally fairly rapid since the advent of the Speedy Trial Act of 1974, 18 U.S.C. 3161 *et seq.* (1976 ed. and Supp. V), *the pendency of a trial does not automatically toll the time for instituting a forfeiture proceeding.* (Emphasis added.) *Id.* at 567.

Therefore, we find that the delay in this case was unreasonable. Moreover, R.C. 2933.42 and 2933.43 do not speak in terms of a felony conviction, but rather only that the underlying offense is indeed a felony. Thus, our analysis of this factor weighs heavily against the appellant.

The third element that must be considered is the appellee's assertion of her right to a timely disposition of the matter. In this case, the record does not evince whether appellee made such a request. Therefore, our analysis of this factor weighs against appellant. The last factor to be considered is prej-

udice, if any, to the defendant. Appellant contends that the appellee in this case has suffered no prejudice because she was immediately notified by the arresting officers that they would be seeking forfeiture of her vehicle. "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *United States* v. *$8,850*, *supra*, at 569. There is no evidence that the appellee in this case suffered any prejudice.

Upon weighing all the relevant factors, we find this to be a close case. There is no indication from the record that appellee has asserted her right to a timely disposition of the matter. Moreover, based upon the record, it is difficult to say that appellee has suffered any prejudice. On the other hand, both the length of the delay and the lack of any credible reasons for the failure to promptly file a forfeiture petition must be given great weight. We reiterate that none of these four factors has a "talismanic" feature, but applying the balancing test set forth above, we find that the delay in filing the forfeiture petition was unreasonable. Appellant has failed to set forth credible reasons for such a lengthy delay. Therefore, appellant has not satisfied the procedural requirements of R.C. 2933.43.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment only.

HOLMES, J., concurs in judgment only.