**The STATE of Ohio, Appellant,**

v.

**LAWSON, Appellee.**

[Cite as *State v. Lawson* (1992), 79 Ohio App.3d 220.]

Court of Appeals of Ohio,
Lucas County.

No. L 91–225.

Decided April 10, 1992.

*Anthony G. Pizza,* Prosecuting Attorney, and *Mark E. Lupe,* Assistant Prosecuting Attorney, for appellant.

*Gary F. Kuns,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant state of Ohio's petition for forfeiture of defendant-appellee's motor vehicle.

Although appellant has not set forth a statement of the assignment of error presented for review pursuant to App.R. 16(A)(2), this court construes appellant's "Argument" as its sole assignment of error. Appellant sets forth therein that:

"The trial court erred in denying the forfeiture petition because Jerry Lawson's conviction for an attempt to commit the offense of felony drug abuse rendered his automobile, used in the commission of such offense, subject to forfeiture pursuant to R.C. 2933.42 and 2933.43."

The facts that are relevant to a determination of the issues raised by this appeal are as follows. On March 30, 1990, appellee, Jerry Lawson, was arrested and his 1990 Toyota 4–Runner Truck ("truck") seized as contraband. On April 11, 1990, appellee was indicted on one count of felony drug abuse in violation of R.C. 2925.11 and one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2). On April 26, 1990, appellee entered a plea of not guilty. On May 7, 1990, appellant filed a petition for forfeiture of the truck as contraband pursuant to R.C. 2933.42 and 2933.43 on the ground that it was used in the commission of the offense of drug abuse. On May 17, 1990, appellee withdrew his former plea of guilty and entered a plea of no contest, was found guilty and sentenced for " * * * the offense of attempted drug abuse, violation of Sections 2923.02/2925.11 O.R.C., a misdemeanor of the first degree and a lesser-included offense to the first count of the indictment." The second count in the indictment was dismissed. On June 13, 1990, a consent judgment entry was signed by the trial court, which ordered the release of appellee's truck into his custody upon the posting of a cash bond. On October 2, 1990, a hearing was held on appellant's petition for forfeiture of the truck. On May 31, 1991, the trial court filed its findings of fact, conclusions of law and judgment entry, in which it denied appellant's petition for forfeiture finding, in pertinent part, as follows:

"The principle [sic] issue in this case is whether the forfeiture statute applies where a defendant is not convicted of a felony. Lawson argues that a felony conviction is necessary and since he was only convicted of a misdemeanor, his truck cannot be forfeited.

"The Supreme Court of Ohio recently addressed this issue in State of Ohio v. Casalicchio (1991), 58 Ohio St.3d 178 [569 N.E.2d 916]. The majority opinion states that '[f]orfeiture of R.C. 2933.42(B) contraband pursuant to

R.C. 2933.43 * * * requires a conviction for a felony prior to forfeiture * * *.'
*Id.* at 182 [569 N.E.2d at 921]. Even the dissent is in accord. *Id.* at 186 [569
N.E.2d at 924] ('* * * R.C. 2933.43 requires a felony conviction prior to a
forfeiture.'). The clear language of *Casalicchio* requires that the State's
forfeiture petition be denied."

It is from this judgment that appellant brings this appeal.

In its sole assignment of error, appellant contends that the trial court erred
in denying its forfeiture petition. In support, it argues that R.C. 2933.42(B)
does not require a felony "conviction" as a condition precedent to forfeiture.
It only requires that the underlying *offense* be a felony and the conviction for
an *attempt* to commit a felony offense is sufficient for forfeiture even though
it is a misdemeanor.

Appellee responds that pursuant to R.C. 2933.42 and 2933.43, a felony
conviction is necessary to obtain a forfeiture. To hold otherwise would allow
forfeiture whenever the state charges a felony offense and " * * * the use of
the words 'an attempt' in O.R.C. 2933.43(C) should be construed as one of the
possible felony offenses to which the statute refers. It does not reclassify a
whole category of misdemeanors to be punishable as felonies."

R.C. 2933.42 provides:

"(A) No person shall possess, conceal, transport, receive, purchase, sell,
lease, rent, or otherwise transfer any contraband.

"(B) For purposes of section 2933.43 of the Revised Code, if a watercraft,
motor vehicle, aircraft, or other personal property that is not within the scope
of the definition of contraband in section 2901.01 of the Revised Code is used
in a violation of division (A) of this section, the watercraft, motor vehicle,
aircraft, or personal property is contraband and, *if the underlying offense
involved in the violation of division (A) of this section is a felony, is subject
to seizure and forfeiture pursuant to section 2933.43 of the Revised Code.*
It is rebuttably presumed that a watercraft, motor vehicle, aircraft, or other
personal property in or on which contraband is found at the time of seizure
has been, is being, or is intended to be used in a violation of division (A) of this
section." (Emphasis added.)

R.C. 2933.43(C) provides, in pertinent part, that:

"If the property seized was determined by the seizing law enforcement
officer to be contraband because of its relationship to an underlying criminal
offense or administrative violation, no forfeiture hearing shall be held *under
this section unless the person pleads guilty to or is convicted of the
commission of, or an attempt or conspiracy to commit, the offense* * * *.
" * * *

" * * * When a hearing is conducted under this section, *property shall be forfeited upon a showing by a preponderance of the evidence by the petitioner that the person from which the property* was seized *was in violation of division (A) of section 2933.42 of the Revised Code.* If that showing is made, the court shall issue an order of forfeiture. * * *" (Emphasis added.)

 While R.C. 2933.43(C) clearly provides that a *conviction* is a necessary prerequisite to a forfeiture hearing and R.C. 2933.42(B) clearly provides that the *underlying offense* in which the contraband was used be a felony for it to be subject to forfeiture, it is not so clear from the language of the statute whether the conviction for a misdemeanor attempt to commit a felony can also render the contraband subject to forfeiture.

In *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772, the Supreme Court of Ohio stated:

"It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101 [65 O.O.2d 296], 304 N.E.2d 378. Where the court is confronted with a statutory ambiguity, the rules of statutory interpretation may be invoked for the purpose of ascertaining the true intent of the General Assembly. See *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45 [59 O.O. 65], 133 N.E.2d 780."

In addition, R.C. 2901.04(A) provides that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

 The intent of the legislature in enacting R.C. 2933.42 and 2933.43 was to " * * * provide a framework through which the state may seek forfeiture of personal property associated with felonious criminal activity." *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 199, 553 N.E.2d 635, 636. In its most recent pronouncement, the Supreme Court of Ohio explained that:

"Forfeiture of R.C. 2933.42(B) contraband pursuant to R.C. 2933.43, however, requires a conviction for a felony prior to forfeiture. * * * " *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 182, 569 N.E.2d 916, 921.[1]

---

1. It must be pointed out that even though the Supreme Court, in *Baumholtz, supra,* stated the goal of the legislature in enacting R.C. 2933.42 and 2933.43 to be forfeiture of property associated with felonious criminal activity, it nevertheless stated that:

" * * * R.C. 2933.42 and 2933.43 do not speak in terms of a felony conviction, but rather only that the underlying offense is indeed a felony." *Id.,* 50 Ohio St.3d at 203, 553 N.E.2d at 639.

The justice who authored the *Baumholtz, supra,* opinion, however, dissented in *Casalicchio, supra,* but stated nevertheless that " * * * R.C. 2933.43 requires a felony conviction

Upon consideration of the foregoing, this court finds that a felony conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43(C) and, therefore, the trial court did not err in denying appellant's petition for forfeiture.

Accordingly, appellant's sole assignment of error is not well taken.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

prior to a forfeiture." *Casalicchio, supra,* 58 Ohio St.3d at 186, 569 N.E.2d at 924. Additionally, the remaining concurring justices in *Casalicchio, supra,* also concurred in *Baumholtz, supra.* Even were we to assume that those justices who concurred separately or in judgment only in *Casalicchio, supra,* did so on the basis that a felony conviction is not required, it remains that five justices now agree that a felony conviction is required.