The STATE of Ohio, Appellant,

v.

HORTON, Appellee.

[Cite as *State v. Horton* (1993), 91 Ohio App.3d 464.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005586.

Decided Nov. 10, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellant.

*Jody Shumaker,* for appellee.

QUILLIN, Presiding Judge.

On November 29, 1992, appellee, Calvin Horton, was arrested and charged with receiving stolen property (R.C. 2913.51), having weapons under disability (R.C. 2923.13) and criminal trespass (R.C. 2911.21). The charges stemmed from an incident in which Avon Police apprehended appellee, recovering a stolen Ithaca shotgun and a Remington shotgun from behind the seat of appellee's truck. Pursuant to a December 12 plea bargain entered before the Avon Lake Municipal Court, Horton pleaded guilty to first degree misdemeanor charges of receiving stolen property and having weapons under disability. The municipal court found appellee guilty of the reduced charges and dismissed the trespass charge.

On December 11, the state filed a petition for forfeiture of appellant's 1989 Chevrolet truck pursuant to R.C. 2933.43(C) with the Lorain County Court of Common Pleas. Appellee filed a motion to dismiss, arguing that a felony conviction was required before appellee's vehicle could be properly forfeited under R.C. 2933.43. On March 12, 1993, the trial court granted appellee's motion to dismiss.

The state appeals from the court's motion to dismiss the forfeiture action and asserts a single assignment of error:

"The trial court erred in dismissing the state's petition and denying forfeiture upon the facts since R.C. 2933.42 and R.C. 2933.43 by its [*sic*] language does not require a felony conviction to support forfeiture."

Appellant first points out that the crimes under which appellee was originally charged are felony offenses. Appellee was charged under R.C. 2913.51 for the possession of a stolen Ithaca shotgun. R.C. 2913.71(C) provides that when the stolen property received is a firearm or dangerous ordnance, the charge is automatically elevated to a fourth degree felony, regardless of the value of the property or whether the offender has previously been convicted of a theft offense. Appellee was additionally charged with having weapons while under disability, a fourth degree felony under R.C. 2923.13. Appellant argues that the felony charges originally brought against appellee and appellee's subsequent misdemeanor convictions stemming from those charges authorize a forfeiture of appellee's vehicle under R.C. 2933.43.

In the case *sub judice*, it is apparent that the property seized was determined to be contraband due to its relationship to the underlying criminal offense. Although appellee's truck itself could not be classified as contraband pursuant to R.C. 2901.01(M), appellant relied on the classification of the guns as contraband under R.C. 2901.01(M)(1), and the use of appellee's truck in transporting those guns, to subject appellee's truck to seizure and forfeiture as contraband. R.C.

2933.42(B). R.C. 2933.43(C) sets out the procedure to be used when property which is declared contraband pursuant to R.C. 2933.42(B) is to be subjected to seizure and forfeiture. The third paragraph of R.C. 2933.43(C) states:

"If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense * * *, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances * * *."

Appellant construes R.C. 2933.43(C) to permit seizure and forfeiture of property classified as contraband under R.C. 2933.42(B) when the property owner is charged with a felony and subsequently pleads guilty to a misdemeanor offense, provided the underlying facts as charged could have sustained a felony conviction. We disagree.

In *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916, the Supreme Court of Ohio was required to decide whether forfeiture of property ruled contraband pursuant to R.C. 2933.42(B) constitutes a separate criminal penalty in addition to the penalty an accused faces for conviction of the underlying felony. The court determined that such a forfeiture constitutes a criminal penalty. In so holding, the court distinguished R.C. 1531.20—a statute authorizing forfeiture of property which has been judicially determined to constitute a civil penalty—from R.C. 2933.43 by pointing out the procedural differences required by the statutes. Specifically, the court reasoned:

"In holding that R.C. 1531.20 provided a civil penalty, we found it relevant that the forfeiture provisions did not require a criminal conviction and could be brought against property even though a third party and not the property owner unlawfully utilized the property. * * * *Forfeiture of R.C. 2933.42(B) contraband pursuant to R.C. 2933.43, however, requires a conviction for a felony prior to forfeiture* and insulates innocent lien holders and property owners from loss." (Emphasis added.) *Id.* at 182, 569 N.E.2d at 921.

Appellant argues that the statement in *Casalicchio, supra,* is dictum and, therefore, *stare decisis* does not require this court to hold that a felony conviction is required in order for property declared contraband under R.C. 2933.42(B) to be forfeited under R.C. 2933.43(C). Appellant additionally argues that *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 553 N.E.2d 635, contains dictum tending to indicate that a felony conviction is not required in order for property declared contraband under R.C. 2933.43(B) to be forfeited under R.C. 2933.43(C). In *Baumholtz,* Justice Resnick wrote the majority opinion for the court, stating that "R.C. 2933.42 and 2933.43 do not speak in terms of a felony conviction, but rather only that the underlying offense is indeed a felony." *Id.* at 203, 553 N.E.2d at

639. However, another portion of the opinion written by Justice Resnick contains language which undermines the authority of the above-quoted statement:

"[A]ppellant submits that even if it had filed a forfeiture petition on the very day that appellee was arrested, forfeiture proceedings could not have proceeded until the appellee was convicted of a felony. *While appellant's assertions may be correct* [emphasis added], this does not justify the delay in *filing* [emphasis *sic* ] a petition for forfeiture for five and one-half months." *Id.* at 202, 553 N.E.2d at 639.

We believe that this conflict was correctly resolved by the Sixth District Court of Appeals in *State v. Lawson* (1992), 79 Ohio App.3d 220, 607 N.E.2d 51, motion for leave to appeal overruled (1992), 65 Ohio St.3d 1412, 598 N.E.2d 1164. In *Lawson,* the state appealed the trial court's denial of a forfeiture petition, arguing that "R.C. 2933.42(B) does not require a felony 'conviction' as a condition precedent to forfeiture. It only requires that the underlying *offense* be a felony and the conviction for an *attempt* to commit a felony offense is sufficient for forfeiture even though it is a misdemeanor." (Emphasis *sic.*) *Id.*, 79 Ohio App.3d at 222, 607 N.E.2d at 53. The court overruled the state's assignment of error, holding that "a felony conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43(C)[.]" *Id.* at 224, 607 N.E.2d at 54.

In reaching its decision, the Sixth District Court of Appeals first undertook an analysis of the dictum pronounced by Justice Resnick in *Baumholtz, supra,* in light of her subsequent dissenting opinion in *Casalicchio, supra,* stating:

"It must be pointed out that even though the Supreme Court in *Baumholtz, supra,* stated the goal of the legislature in enacting R.C. 2933.42 and 2933.43 to be forfeiture of property associated with felonious criminal activity, it nevertheless stated that:

" '* * * R.C. 2933.42 and 2933.43 do not speak in terms of a felony conviction, but rather only that the underlying offense is indeed a felony.' * * *

"The justice who authored the *Baumholtz* opinion, however, dissented in *Casalicchio, supra,* but stated nevertheless that ' * * * R.C. 2933.43 requires a felony conviction prior to a forfeiture.' * * * Additionally, the remaining concurring justices in *Casalicchio, supra,* also concurred in *Baumholtz, supra.* Even were we to assume that those justices who concurred separately or in judgment only in *Casalicchio, supra,* did so on the basis that a felony conviction is not required, it remains that five justices now agree that a felony conviction is required." *Id.* at 223–224, 607 N.E.2d at 54, fn. 1.

The *Lawson* court additionally conducted an independent statutory analysis of the pertinent portions of R.C. 2933.42 and 2933.43 to determine that "a felony

conviction is required in order for R.C. 2933.42(B) contraband to be forfeited pursuant to R.C. 2933.43(C)." *Id.* at 224, 607 N.E.2d at 54. The court initially analyzed the language of the applicable statutes, stating:

"While R.C. 2933.43(C) clearly provides that a *conviction* is a necessary prerequisite to a forfeiture hearing and R.C. 2933.42(B) clearly provides that the *underlying offense* in which the contraband was used be a felony for it to be subject to forfeiture, it is not so clear from the language of the statute whether the conviction for a misdemeanor attempt to commit a felony can also render the contraband subject to forfeiture." (Emphasis *sic.*) *Id.* at 223, 607 N.E.2d at 53.

The court then stated the applicable rules of statutory construction as follows:

"In *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772, the Supreme Court of Ohio stated:

" 'It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101 [65 O.O.2d 296], 304 N.E.2d 378. Where the court is confronted with a statutory ambiguity, the rules of statutory interpretation may be invoked for the purpose of ascertaining the true intent of the General Assembly. See *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45 [59 O.O. 65], 133 N.E.2d 780.'

"In addition, R.C. 2901.04(A) provides that '[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.' " *Id.*, 79 Ohio App.3d at 223, 607 N.E.2d at 53–54.

■ In *Casalicchio, supra,* at syllabus, the Supreme Court of Ohio held that forfeiture under R.C. 2933.43 is a criminal penalty. As a consequence, the rules of statutory construction require the language of R.C. 2933.43 to be strictly construed against the state and in favor of the defendant. We find the reasoning contained in *Lawson* persuasive. Accordingly, we hold that a felony conviction is required in order for property declared contraband under R.C. 2933.42(B) to be forfeited under R.C. 2933.43(C).

■ Appellant additionally claims it was error for the trial court to dismiss the forfeiture action because the municipal prosecutor, rather than the county prosecutor, initiated the plea agreement which allowed Horton to plead guilty to the underlying charges, reduced in degree from felonies to misdemeanors. Appellant apparently argues that, because the county prosecutor filed the petition for forfeiture and took no part in the plea arrangement reducing the underlying charges to misdemeanor offenses, the forfeiture action should not be barred. However, "[p]olitical subdivisions of States—counties, cities or whatever—never were and never have been considered as sovereign entities. Rather, they have

been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." *Reynolds v. Sims* (1964), 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506, 535. Accordingly, the county and municipal prosecutor are deemed to work for the same sovereign, the state of Ohio. See, *e.g., Waller v. Florida* (1970), 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435; *State v. Anderson* (1989), 57 Ohio App.3d 108, 566 N.E.2d 690. Therefore, under the principles of constitutional double jeopardy, the county prosecutor is bound by the consequences stemming from the plea bargain as executed by the municipal prosecutor.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.