**CITY OF HAMILTON, Appellee,**

v.

**CALLON, Appellant.**

[Cite as *Hamilton v. Callon* (1997), 119 Ohio App.3d 759.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–06–122.

Decided May 27, 1997.

*Geygan & Arnold* and *James S. Arnold*, for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Craig Callon, appeals the forfeiture of his automobile as ordered by the Hamilton Municipal Court.

Appellant was found guilty of soliciting in violation of Hamilton Codified Ordinance 553.09. The court sentenced appellant to a $100 fine plus costs, thirty

days suspended in the county jail, and two years' nonreporting probation. The prosecuting attorney then made an oral petition for the forfeiture of appellant's automobile, claiming that the vehicle constituted a nuisance or contraband subject to forfeiture. Over appellant's objection, the court ordered the forfeiture. This appeal followed.

In a single assignment of error, appellant claims that the trial court erred in ordering a forfeiture of his vehicle.[1]

Any motor vehicle used for the purpose of soliciting is subject to a forfeiture proceeding pursuant to R.C. 2933.43. See Hamilton Codified Ordinance 553.09(b). Appellant submits that appellee failed to comply with the procedural requirements of R.C. 2933.43 and that such failure precludes a forfeiture of his vehicle. We agree.

A city director of law may file a petition for the forfeiture of contraband in the court that has jurisdiction over the underlying criminal case. R.C. 2933.43(C). The petitioner is required to give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any person having an ownership interest in the property. *Id.* In addition, notice of the proceedings shall be published once each week for two consecutive weeks in a newspaper of general circulation in the county in which the seizure occurred. Notices shall be served, mailed and first published at least four weeks before a hearing may be conducted on the petition. *Id.*

Appellee clearly failed to comply with the foregoing provisions of R.C. 2933.43. There was no written petition, no notice or publication, and no required waiting period before a hearing was conducted.

It is also a well-recognized principle that forfeitures are not favored in law or equity and that forfeiture statutes must be strictly construed against the state. *State v. Horton* (1993), 91 Ohio App.3d 464, 632 N.E.2d 993; *State v. Gaines* (1990), 64 Ohio App.3d 230, 580 N.E.2d 1158. The notice requirements of R.C. 2933.43 are mandatory and strict compliance is required. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 605 N.E.2d 368; *Akron v. Turner* (1993), 91 Ohio App.3d 595, 632 N.E.2d 1374. Failure to strictly comply with the notice requirements of R.C. 2933.43 renders a forfeiture inappropriate. *Id.*

In addition, a felony conviction is required for forfeiture of property pursuant to R.C. 2933.43. R.C. 2933.43(A)(1); *State v. Lawson* (1992), 79 Ohio App.3d 220, 607 N.E.2d 51. Appellant was convicted of a misdemeanor offense.

---

1. We note that appellee has failed to file a brief in this case.

Accordingly, forfeiture was not available in the case at bar. *Id.* Appellant's assignment of error is hereby sustained.[2]

The trial court's forfeiture order is reversed and vacated. The cash bond posted by appellant pending appeal is hereby ordered released to appellant.

*Judgment reversed.*

KOEHLER and WALSH, JJ., concur.

---

**2.** The trial court relied on R.C. 4503.234 in ordering the forfeiture. Notwithstanding appellee's failure to comply with R.C. 2933.43, the forfeiture is still invalid since appellant was not convicted of any of the offenses necessary for a forfeiture under that particular section of the Revised Code. See R.C. 4503.234(B).