JOURNAL ENTRY AND OPINION
The appellant, City of South Euclid, appeals the decision of the South Euclid Municipal Court in granting the appellee's motion to suppress based on the doctrines of res judicata, collateral estoppel and/or issue preclusion. For the reasons set forth below, we affirm the decision of the trial court.
The appellee, Gary Swirsky, was arrested following an incident which took place on November 26, 1999, when Swirsky entered the Metropolitan Savings Bank to cash a large bank check. Swirsky encountered some difficulty in cashing the check and apparently became argumentative with the teller. A silent alarm was pressed by one of the bank tellers, and the police responded to the call. Swirsky was taken into custody for allegedly threatening the personnel at the bank for refusing to cash his check. When Swirsky was arrested, several weapons were found on or near his person, one of which was loaded. Swirsky is a federally licensed firearms dealer.
Sgt. Jeffrey Myers testified that after Swirsky had been arrested, he was returning to his vehicle to obtain witness statement forms and he observed, through the front window of the vehicle parked next to his, part of a gun "pressed in between the seat and the console, sticking above the seat roughly about an inch to two inches." Sgt. Myers then ran the license plate of the vehicle which came back registered to Swirsky's business. Sgt. Myers returned to the bank, obtained the keys to the vehicle and retrieved the handgun. The vehicle was subsequently towed to the police station for inventory purposes.
Swirsky was charged with one felony count of carrying a concealed weapon, pursuant to O.R.C. 2923.12, and three misdemeanor counts: (1) improperly handling firearms in a motor vehicle, pursuant to O.R.C.2923.16; (2) inducing panic, pursuant to O.R.C. 2917.31; and (3) obstructing official business, pursuant to O.R.C. 2921.31. The misdemeanor charges remained in the South Euclid Municipal Court, and the felony charge was bound over to the Cuyahoga County Grand Jury, which indicted Swirsky.
In association with the common pleas case, Swirsky filed a "motion to suppress, or in the alternative, for an order in limine" precluding any reference to firearms and other items found in the vehicle. A suppression hearing was held on October 30, 2000, and the motion to suppress was granted by the common pleas court on January 11, 2001. On March 23, 2001, a jury trial was held, and Swirsky was found not guilty of the felony charge. The state did not appeal the decision of the trial court regarding the motion to suppress.
On September 28, 2000, Swirsky filed an identical motion to suppress, without the in limine issues, with the South Euclid Municipal Court. An oral hearing was held on June 7, 2001, and the motion was granted, based on the principles of res judicata and collateral estoppel. The charges against Swirsky in South Euclid Municipal Court remain pending.
The appellant, City of South Euclid ("the City"), now appeals and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE BASED UPON THE LEGAL DOCTRINES OF RES JUDICATA, COLLATERAL ESTOPPEL AND/OR ISSUE PRECLUSION.
 II. THE TRIAL COURT SHOULD HAVE DENIED APPELLEE'S MOTION TO SUPPRESS EVIDENCE AS A MATTER OF LAW.
In appellant's first assignment of error, the City maintains that the trial court erred in finding them in privity with the State of Ohio and determining that the evidence under question by the appellee's motion to suppress was barred from rehearing under the doctrines of res judicata
and collateral estoppel.
In this case, the appellee was indicted on one felony count of carrying a concealed weapon, heard in common pleas court, in addition to the three misdemeanor charges in South Euclid Municipal Court. The appellee then filed two identical motions to suppress, one in the common pleas court and the other in the municipal court; both relating to the same incident and both relating to the evidence seized in the appellee's vehicle.
We must therefore consider whether or not the principles of resjudicata or collateral estoppel require the municipal court to accept the determination of the common pleas court in granting the appellee's motion to suppress. In order for collateral estoppel to apply, two conditions must be satisfied: (1) the issue must be identical and (2) the parties or their privies must be the same. Whitehead v. Gen. Tel. Co. (1969)20 Ohio St.2d 108, 112; State v. Crago (1994), 93 Ohio App.3d 621, 637.
As we have already stated, the two motions which were filed are identical in their content, and both relate to the same incident and the same seized evidence. The City maintains that the motion filed with the common pleas court was a "motion to suppress, or in the alternative, a motion in limine," thus making the motions different. However, the journal entry of the trial court granted the appellee's motion to suppress, but did not address the motion in limine, so the City's arguments are not persuasive. We must therefore move to the second prong of the test under Whitehead.
This court has already dealt with a similar situation in State v. Day
(November 2, 1995), Cuyahoga App. No. 67767, unreported, 1995 Ohio App. LEXIS 4847. In Day, the appellant appealed the decision of the trial court in determining that the principle of res judicata required the court to accept the municipal court's ruling on appellant's initial motion to suppress. We concluded upon review:
 The motion to suppress filed in the municipal court named the city of Cleveland as a party, while the motion to suppress filed in the common pleas court named the state of Ohio as a party. Cities have been traditionally regarded as subordinate governmental instrumentalities created by the state to assist in the carrying out of state governmental functions. Reynolds v. Sims (1964), 377 U.S. 533, 575, 12 L.Ed.2d 506, 84 S.Ct. 1362; State v. Horton (1993), 91 Ohio App.3d 464, 469, 632 N.E.2d 993. Accordingly, the city of Cleveland is deemed to be the same sovereign as the State of Ohio in the present case. Day, supra at 7.
Therefore, based on this court's earlier decision in Day and the ruling in Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, syllabus, stating that "* * * a prior judgment estops a party, or a person in privity with him, from subsequently re-litigating the identical issue raised in the prior action," the decision of the common pleas court is binding upon the actions of the South Euclid Municipal Court. The appellant's argument that it did not possess the ability to appeal the decision of the common pleas court is not persuasive enough for this court to allow a second attempt to litigate the same issue of an illegal search. Therefore, appellant's first assignment of error is without merit.
Appellant's second assignment of error is hereby rendered moot pursuant to our determination of appellant's first assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., AND JAMES J. SWEENEY, J., CONCUR.