DECISION AND JUDGMENT ENTRY
This is a state's appeal. It comes to us from a judgment sentence imposed by the Maumee Municipal Court. There the trial court failed to order forfeiture of a motor vehicle for a recidivist offender of the state's driving under the influence of alcohol laws. Because we conclude that the trial court did not err in imposing sentence, we affirm.
In June 2001, appellee, Jason L. Copeland, was arrested for operating a motor vehicle while under the influence of alcohol ("DUI"), in violation of 4511.19(A)(1). Appellee, who had two previous DUI convictions in 1997 and 1998, pled no contest, was found guilty, and sentenced to serve 365 days of incarceration, with 300 days suspended on certain conditions. The court also imposed a fine of $500 plus court costs, suspended appellee's driver's license for five years, and ordered 180 days of immobilization of the vehicle appellee was operating at the time of the offense.
Appellant now appeals that sentence, setting forth the following sole assignment of error:
 "When sentencing the Appellee for a violation of R.C. 4511.19(A)(1) of the Ohio Revised Code, a third DUI conviction in six years, the trial court erred in not following the mandatory sentencing guidelines by not ordering the criminal forfeiture of Appellee's vehicle under R.C. 4511.99(A)(3(a) (b)."
R.C. 4511.99(A)(3)(b) states that when imposing sentence on an offender with two DUI convictions within a six year period, a trial court "in addition to the penalties imposed under division (A)(3)(a) of this section and all other penalties provided by law and subject to section4503.235 of the Revised Code, shall order the criminal forfeiture to the state of the vehicle the offender was operating at the time of the offense. The order of criminal forfeiture shall be issued and enforcedin accordance with section 4503.234 of the Revised Code." (Emphasis added.)
R.C. 4503.234(B) states that when a court is required by section4511.99 "to order the criminal forfeiture to the state of a vehicle, the order shall be issued and enforced in accordance with this division,subject to division (C) of this section and section 4503.235 of the Revised Code." (Emphasis added.)
R.C. 4503.234(C)(1) requires that prior to the issuance of the trial court's order, the law enforcement agency seeking forfeiture "shall give notice by certified mail, return receipt requested, or by personal service."
Forfeitures are not favored by the law and "statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed." State v. Lilliock (1982),70 Ohio St.2d 23, 26, superseded by statute on other grounds. Failure to strictly comply with the notice requirements of a forfeiture statute renders forfeiture inappropriate. See Department of Liquor Control v.Sons of Italy Lodge 0917 (1992), 65 Ohio St.3d 532; City of Hamilton v.Callon (1997), 119 Ohio App.3d 759, 760.
In this case, the record contains a file stamped copy of a letter addressed to appellee which indicates the state's intent to seek forfeiture of appellee's vehicle. There is nothing in the record, however, to indicate that this letter was either sent by certified mail or was personally served upon appellee. Moreover, at sentencing, no mention was made of either the forfeiture proceedings or the court's failure to order the forfeiture of appellee's vehicle. We agree that, where forfeiture proceedings have been properly instituted, it may constitute plain error for a court to fail to order the forfeiture of a vehicle under the mandates of R.C. 4511.99. See State v. Beasley
(1984), 14 Ohio St.3d 74, 75; State v. Rohda (1999), 135 Ohio App.3d 21
(failure to impose statutorily mandated minimum term of imprisonment was void and unlawful sentence).
Nevertheless, since there is nothing in the record in this case to indicate that appellee strictly complied with the notice requirements of R.C. 4503.234, we cannot say that the trial court erred in failing to order the forfeiture of appellee's vehicle.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Maumee Municipal Court is affirmed. Court costs of this assignment are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.