[Cite as *Bowling v. Norman*, 2024-Ohio-2658.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Dakota Bowling                                        Court of Appeals No.    WD-23-043

      Appellee                                       Trial Court No. 2023CV0171

v.

Charles Norman, Registrar,                    **DECISION AND JUDGMENT**
Department of Public Safety,
Bureau of Motor Vehicles                      Decided:  July 12, 2024

      Appellant

* * * * *

Blaise Katter, for appellee.

Dave Yost, Ohio Attorney General,
Michael J. Hendershot, Chief Deputy
Solicitor General, and Nicholas A. Cordova,
Deputy Solicitor General, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1}  In this administrative appeal, appellant, Charles Norman, Registrar, Ohio

Department of Public Safety, Bureau of Motor Vehicles ("the State"), appeals the August

10, 2023 judgment of the Wood County Court of Common Pleas, reversing the order of

the Bureau of Motor Vehicles ("BMV"), which had disqualified the commercial driver's license ("CDL") of Dakota Bowling. For the following reasons, we reverse the trial court judgment.

## I. Background

{¶ 2} Dakota Bowling was convicted of operating a vehicle while intoxicated, a violation of R.C. 4511.19(A)(1)(a). Shortly thereafter, he received a notice of disqualification from the BMV, informing him that his CDL would be disqualified for one year under R.C. 4506.16. Bowling appealed the disqualification to the registrar of the BMV.

{¶ 3} Bowling's appeal was heard by a hearing examiner on September 27, 2022. The hearing was not transcribed due to technical difficulties, but Bowling and the BMV submitted closing arguments in writing and stipulated to the following facts: (1) Bowling had a CDL Class A license on April 24, 2022, when he was arrested and charged with OVI; (2) he was convicted under R.C. 4511.19(A)(1)(a) on June 3, 2022; (3) the OVI conviction was a first offense; and (4) the OVI conviction was the sole basis for the CDL disqualification.

{¶ 4} Bowling argued that under R.C. 4506.16, CDL disqualification may be imposed *either* for a conviction for a violation of R.C. 4506.15(A)(2) through (12), *or* for an administrative license suspension ("ALS") imposed under R.C. 4511.191, but not for a conviction under R.C. 4511.19. Bowling claimed that because he was convicted under R.C. 4511.19 and not R.C. 4506.15(A)(2) to (12), and because his ALS suspension was

2.

vacated, there was no basis for disqualification. Bowling maintained that R.C. 4506.16 was amended in 2012 to remove language that triggered disqualification based on a conviction under R.C. 4511.19. He contended that a conviction under R.C. 4511.19 no longer provides a ground for disqualification of a CDL. Bowling acknowledged that he could have been charged with a violation of R.C. 4506.15(A)(6), but insisted that because he was charged and convicted only under R.C. 4511.19, there was no basis for disqualification here.

{¶ 5} The BMV responded that Bowling's conviction under R.C. 4511.19 is a prohibited act under R.C. 4506.15(A)(6), mandating disqualification of his CDL under R.C. 4506.16(D)(1).

{¶ 6} The hearing examiner issued a report and recommendation on November 2, 2022. He found that R.C. 4506.15(A)(6) prohibits a person who holds a CDL from driving a commercial motor vehicle[1] while under the influence of alcohol in violation of R.C. 4511.19. He observed that under R.C. 4506.16(D)(1), a first conviction for a violation of R.C. 4506.15(A)(2) to (12) or a similar law of another state, or upon a first suspension under R.C. 4511.191, shall disqualify the violator's CDL for a period of one year. The hearing examiner concluded that because Bowling was convicted of a violation of R.C. 4511.19, he committed a prohibited act under R.C. 4506.15(A)(6), therefore, requiring a one-year disqualification of his CDL. The registrar adopted the hearing

---

[1] The parties here do not contend that Bowling operated a *commercial* vehicle while under the influence of alcohol. Moreover, R.C. 4506.15(A)(6) by its own terms is not limited to situations involving the operation of a *commercial* motor vehicle.

3.

examiner's report and recommendation in a final adjudication order journalized on March 9, 2023.

{¶ 7} Bowling appealed the final adjudication order to the Wood County Court of Common Pleas. The matter was briefed. The parties' positions were essentially the same as they were in the administrative proceedings.

{¶ 8} The trial court issued an opinion and judgment entry journalized August 10, 2023. It reversed the March 9, 2023 order of the BMV disqualifying Bowling's CDL. The trial court held that by its plain language, R.C. 4506.16(D)(1) allows disqualification of a CDL if the holder is convicted of violating any provision of R.C. 4506.15(A)(2) to (12). It found that although Bowling "committed a prohibited act under R.C. 4506.15(A)(6)"—i.e., drove his motor vehicle in violation of R.C. 4511.19—he was not convicted of violating R.C. 4506.15(A)(6). As such, it concluded that the order of the BMV disqualifying Bowling's CDL was contrary to the clear and unambiguous language of R.C. 4506.16(D)(1).

{¶ 9} The state appealed. It assigns the following error for our review:

> The common pleas court erred in holding that operating a vehicle while under the influence of alcohol is not a violation of R.C. 4506.15(A)(6) and, on that basis, vacating the Bureau of Motor Vehicle's Order disqualifying Appellee Dakota Bowling from commercial driving for one year.

4.

## II. Law and Analysis

{¶ 10} The State argues that the trial court erred in vacating the order of the BMV disqualifying Bowling's CDL. This appeal requires us to determine whether R.C. 4506.16(D)(1) mandates the disqualification of a CDL where the holder of the CDL has been convicted under R.C. 4511.19 and not under R.C. 4506.15(A)(6).

### A. Standard of Review

{¶ 11} In an appeal of a decision of an administrative agency under R.C. 2506.01, we review the judgment of the common pleas court only on questions of law. *Adams Quality Heating & Cooling v. Erie Cty. Health Dept.,* 2014-Ohio-2318, ¶ 10 (6th Dist.), citing *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147 (2000); R.C. 2506.04. We will not weigh the evidence and we may not substitute our judgment for that of the administrative agency or the common pleas court, regardless of whether we may have arrived at a different conclusion. *Id.* Our role is limited to reviewing questions of law, employing a de novo standard, and determining whether the trial court abused its discretion in applying the law. *Id.* at ¶ 11.

### B. The Statutes at Issue

{¶ 12} Under R.C. 4506.15(A)(6), "[n]o person who holds a commercial driver's license . . . shall . . . [d]rive a motor vehicle in violation of [R.C.] 4511.19 . . . or a municipal OVI ordinance as defined in [R.C.] 4511.181 . . . ." Under R.C. 4506.16(D)(1), "[t]he registrar of motor vehicles shall disqualify any holder of a commercial driver's license . . . from operating a commercial motor vehicle . . . [u]pon a

5.

first conviction for a violation of any provision of divisions (A)(2) to (12) of [R.C.] 4506.15 . . . or a similar law of another state or a foreign jurisdiction, or upon a first suspension imposed under [R.C.] 4511.191 . . . or a similar law of another state or foreign jurisdiction, one year[.]"

{¶ 13} Bowling was convicted of OVI under R.C. 4511.19(A)(1)(a). This statute prohibits a person from operating a vehicle "if, at the time of the operation . . . [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

### C. The Parties' Positions

{¶ 14} The State argues that a conviction under R.C. 4511.19 is a violation of R.C. 4506.15(A)(6) that triggers disqualification under 4506.16(D)(1). It maintains that a conviction for impaired driving is necessarily "for a violation of" R.C 4506.15(A)(6), regardless of whether R.C. 4506.15(A)(6) is the statute of conviction. It emphasizes that the disqualification provision looks for a *violation* of certain provisions, not for a *charge* under those provisions. The State claims that by violating R.C. 4511.19, Bowling necessarily violated R.C. 4505.15(A)(6).

{¶ 15} The State maintains that surrounding text within R.C. 4506.16 bolsters its interpretation. It points to R.C. 4506.16(J), which clarifies that "disqualification is to be imposed" on "a driver who is finally convicted of any offense described in section 4506.15." It insists that Bowling's impaired driving conviction under R.C. 4511.19 was for an offense described in R.C. 4506.15. The State also points to R.C. 4506.16(E), which provides that a "conviction of a violation for which disqualification is required

6.

includes conviction under any municipal ordinance that is substantially similar to any section of the Revised Code that is set forth in division (D);" R.C. 4506.16(D) refers back to R.C. 4506.15(A). Given that municipalities lack power to regulate state-issued CDLs and are unlikely to enact ordinances equivalent to R.C. 4506.15(A), the State contends that R.C. 4506.16(E) must refer to municipal ordinances that are equivalents of the statutes *listed* in R.C. 4506.15(A)—not ordinances that are equivalent to R.C. 4506.15(A) *itself*. Thus, the State claims, Bowling's conviction under the impaired driving statute is likewise disqualifying under R.C. 4506.16(D).

{¶ 16} As for Bowling's argument that the legislature amended R.C. 4506.16 in 2012 to remove reference to R.C. 4511.19, the State argues that R.C. 4511.19 is still cross-referenced—the amendment simply moved the language from R.C. 4506.16(D)(1) to R.C. 4506.15(A)(6). It urges that (A) was a better home for the cross-reference because it already housed cross-references to other statutory violations that would trigger disqualification. It explains that the amendment's reorganization consolidated all disqualifying offenses into R.C 4506.15(A) rather than leave them dispersed between R.C 4506.15(A) and 4506.16(D)(1).

{¶ 17} Finally, the State contends that the trial court misinterpreted the statute so as to apply only to drivers "convicted of violating any provision of" R.C. 4506.15(A)(2) to (12) rather than drivers "convicted for a violation of any provision" of those divisions, as actually provided under R.C. 4506.16(D)(1). It claims that it makes no sense to impose disqualification only where the prosecutor charges the offense as a violation of

7.

the disqualification statute *and* a violation of the impaired driving statute that the disqualification statute references. It contends that this reading defeats the purpose of the cross-reference and would cause disparate consequences for drivers who commit the same act based solely on the whims of the local prosecutor. The State expresses skepticism that the General Assembly would vest such great discretion in prosecutors. To the contrary, it claims, the disqualification statute creates a bright-line rule that the BMV must prevent any driver convicted of impaired driving or another offense mentioned in the statute from driving commercially for one year after the conviction.

{¶ 18} Bowling responds that the plain language of R.C. 4506.16(D)(1) unequivocally mandates disqualification of a CDL *only* for a "conviction" under R.C. 4506.15—which he points out carries its own penalty. He insists that a person must actually be charged with a violation of R.C. 4506.15 in order to be convicted of it. He cites R.C. 4506.01(F), which defines "conviction" as "an unvacated adjudication of guilt or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended, or probated." Bowling claims that it is undisputed that there is no court judgment entry convicting him of R.C. 4506.15(A)(6).

8.

{¶ 19} Again, Bowling insists that the legislature chose in 2012 to remove the OVI conviction as the triggering device and instead conditioned disqualification on the imposition of an ALS. He also argues that it is not sufficient that there be a *violation* of R.C. 4506.15—there must be a *conviction* for a violation of R.C. 4506.15. He maintains that here, there is only a conviction for a violation of R.C. 4511.19.

{¶ 20} Finally, Bowling argues that the State's proposed interpretation of R.C. 4506.16(D)(1) would violate due process because he was deprived of notice that he was charged with an offense that could lead to a mandatory CDL disqualification. He maintains that the possibility of a CDL disqualification is a factor that must be weighed in a defendant's decision to accept a plea. He also claims that the State's interpretation violates principles of separation of powers because it would permit the BMV to "deem convictions into being" simply on the basis that the conduct *could have* supported a charge under R.C. 4506.15. Bowling maintains that the State is simply concerned that prosecutors may not properly charge a violation of this statute and is upset that the local prosecutor here failed to do so.

### D. Construing R.C. 4506.15 and 4506.16

{¶ 21} R.C. 4506.15(A) describes conduct that is prohibited of holders of CDLs. It provides as follows:

> No person who holds a commercial driver's license . . . shall do any of the following:

9.

(1) Drive a commercial motor vehicle while having a measurable or detectable amount of alcohol or of a controlled substance in the person's blood, breath, or urine;

(2) Drive a commercial motor vehicle while having an alcohol concentration of four-hundredths of one per cent or more by whole blood or breath;

(3) Drive a commercial motor vehicle while having an alcohol concentration of forty-eight-thousandths of one per cent or more by blood serum or blood plasma;

(4) Drive a commercial motor vehicle while having an alcohol concentration of fifty-six-thousandths of one per cent or more by urine;

(5) Drive a motor vehicle while under the influence of a controlled substance;

(6) *Drive a motor vehicle in violation of section 4511.19 of the Revised Code or a municipal OVI ordinance as defined in section 4511.181 of the Revised Code*;

(7) Use a motor vehicle in the commission of a felony;

(8) Refuse to submit to a test under section 4506.17 or 4511.191 of the Revised Code;

(9) Operate a commercial motor vehicle while the person's commercial driver's license or permit or other commercial driving privileges are revoked, suspended, canceled, or disqualified;

(10) Cause a fatality through the negligent operation of a commercial motor vehicle, including, but not limited to, the offenses of aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter;

(11) Fail to stop after an accident in violation of sections 4549.02 to 4549.03 of the Revised Code;

(12) Drive a commercial motor vehicle in violation of any provision of sections 4511.61 to 4511.63 of the Revised Code or any federal or local law or ordinance pertaining to railroad-highway grade crossings;

(Emphasis added.)

{¶ 22} R.C. 4506.16(D)(1) mandates a one-year disqualification of a CDL "[u]pon a first conviction for a violation of any provision of divisions (A)(2) to (12) of section 4506.15 of the Revised Code or a similar law of another state or a foreign jurisdiction, or upon a first suspension imposed under section 4511.191 of the Revised Code or a similar law of another state or foreign jurisdiction . . . [.]"

{¶ 23} Our job when construing any statute is to determine the legislature's intent. *State ex rel. Horizon Science Academy of Lorain, Inc. v. Ohio Dept. of Edn.*, 2021-Ohio-1681, ¶ 14. To do so, we first look to the plain language of the statute. *Id.* If the terms

11.

of the statute are ambiguous, we must "interpret the statute to determine the General Assembly's intent." *Tomasik v. Tomasik,* 2006-Ohio-6109, ¶ 15. However, if the terms of the statute are clear and unambiguous, the statute must be applied without interpretation. *Wingate v. Hordge,* 60 Ohio St.2d 55, 58 (1979).

{¶ 24} Here, we find that R.C. 4506.15 and 4506.16 are clear and unambiguous. R.C. 4506.15(A)(6) prohibits a person who holds a CDL from driving a motor vehicle in violation of R.C. 4511.19. Bowling was convicted of driving a motor vehicle in violation of R.C. 4511.19, therefore, he violated R.C. 4506.15(A)(6). R.C. 4506.16(D)(1) requires the registrar of the BMV to disqualify the holder of a CDL from operating a motor vehicle for one year for a first conviction for a violation of R.C. 4506.15(A)(2) through (12). Because Bowling's conviction under R.C. 4511.19 was a violation of R.C. 4506.15(A)(6), the registrar's disqualification of Bowling's CDL was proper.

{¶ 25} Bowling's argument that disqualification under R.C. 4506.16(D)(1) requires a conviction under R.C. 4506.15 is inconsistent with the language of the statute. R.C. 4506.15(D)(1) requires a conviction for a *violation* of R.C. 4506.15(A)(2) to (12)—not a conviction *under* R.C. 4506.15(A)(2) to (12). A person violates R.C. 4506.15(A)(6) by driving a motor vehicle in violation of R.C. 4511.19. Importantly, even then, the registrar may not disqualify a CDL merely because a person *violates* R.C. 4506.15(A)(6)—i.e., drives in violation of R.C. 4511.19. Under R.C. 4506.15(D)(1), the holder of the CDL must be *convicted* of violating that prohibition, thus obviating Bowling's concern that the BMV may "deem convictions into being." Nevertheless, the

12.

holder of the CDL need not be convicted under R.C. 4506.15(A)(6) itself. Because a conviction for violating R.C. 4511.19 *is* a violation of R.C. 4506.15(A)(6), it was not necessary that Bowling be charged and convicted under R.C. 4506.15(A)(6).

{¶ 26} Finally, as to Bowling's claim that the 2012 amendment to the statutes eliminated R.C. 4511.19 as a basis for disqualifying a CDL, this is also not accurate. Before the 2012 amendment, R.C. 4506.16(D)(1) mandated disqualification of a CDL for a conviction for a violation of (1) R.C. 4506.15(A)(2) through (9) or a similar law of another state or jurisdiction; or (2) R.C. 4511.19, 4549.02, or 4549.03, or a similar law of another state or jurisdiction. The 2012 amendment removed the reference to R.C. 4511.19 and moved it to R.C. 4506.15(A)(6), and it removed the references to R.C. 4549.02 and 4549.03 and moved them to R.C. 4506.15(A)(11). It also amended R.C. 4506.16(D)(1) to mandate disqualification for a conviction for a violation of R.C. 4506.15(A)(2) through *(12)* instead of just (A)(2) through *(9)*—i.e., it added to the prohibitions enumerated in R.C. 4506.15(A). The amendments simply reorganized the two statutes. They do not evince an intent by the legislature to remove a conviction under R.C. 4511.19 as a basis for disqualification.

{¶ 27} For these reasons, the trial court erred as a matter of law when it reversed the registrar's disqualification order. We find the State's assignment of error well-taken.

### III.  Conclusion

{¶ 28} R.C. 4506.16(D)(1) required the registrar of the BMV to disqualify Bowling's CDL for one year for a conviction for violating R.C. 4506.15(A)(6). Bowling

13.

was convicted of violating R.C. 4511.19, which, in turn, violated R.C. 4506.15(A)(6). The registrar, therefore, properly disqualified his CDL for one year. The trial court erred in concluding otherwise. We find the State's assignment of error well-taken. We reverse the August 10, 2023 judgment of the Wood County Court of Common Pleas. Bowling is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JUDGE
Myron C. Duhart, J.
CONCUR

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Charles E. Sulek, P.J.
DISSENTS AND WRITES
SEPARATELY.

**SULEK, P.J., dissenting.**

**{¶ 29}** The straightforward application of the law in this case has an undesirable result. It is entirely reasonable to expect that Bowling would be disqualified from operating a commercial motor vehicle for one year upon his conviction for an OVI. But the legislature has very clearly set forth the requirements for the registrar of motor vehicles to impose such a disqualification, and those requirements have not been met. And this court "may not rewrite the plain and unambiguous language of a statute under

the guise of statutory interpretation." *Pelletier v. Campbell*, 2018-Ohio-2121, ¶ 20. Therefore, I respectfully dissent from the majority decision and would affirm the judgment of the Wood County Court of Common Pleas.

{¶ 30} R.C. 4506.16(D)(1) states, in relevant part, that the registrar of motor vehicles "shall disqualify any holder of a commercial driver's license . . . from operating a commercial motor vehicle as follows:  Upon a first conviction for a violation of any provision of divisions (A)(2) to (12) of section 4506.15 of the Revised Code."

{¶ 31} R.C. 4506.15(A) is a criminal statute that provides a list of prohibited conduct:

No person who holds a commercial driver's license . . . shall do any of the following:

. . .

(2) Drive a commercial motor vehicle while having an alcohol concentration of four-hundredths of one per cent or more by whole blood or breath;

(3) Drive a commercial motor vehicle while having an alcohol concentration of forty-eight-thousandths of one per cent or more by blood serum or blood plasma;

(4) Drive a commercial motor vehicle while having an alcohol concentration of fifty-six-thousandths of one per cent or more by urine;

15.

(5) Drive a motor vehicle while under the influence of a controlled substance;

(6) Drive a motor vehicle in violation of section 4511.19 of the Revised Code or a municipal OVI ordinance as defined in section 4511.181 of the Revised Code;

(7) Use a motor vehicle in the commission of a felony;

(8) Refuse to submit to a test under section 4506.17 or 4511.191 of the Revised Code;

(9) Operate a commercial motor vehicle while the person's commercial driver's license or permit or other commercial driving privileges are revoked, suspended, canceled, or disqualified;

(10) Cause a fatality through the negligent operation of a commercial motor vehicle, including, but not limited to, the offenses of aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter;

(11) Fail to stop after an accident in violation of sections 4549.02 to 4549.03 of the Revised Code;

(12) Drive a commercial motor vehicle in violation of any provision of sections 4511.61 to 4511.63 of the Revised Code or any federal or local law or ordinance pertaining to railroad-highway grade crossings;

(13) Use a motor vehicle in the commission of a felony involving the manufacture, distribution, or dispensing of a controlled substance as defined in section 3719.01 of the Revised Code or the possession with intent to manufacture, distribute, or dispense a controlled substance;

(14) Use a commercial motor vehicle in the commission of a violation of R.C. 2905.32 of the Revised Code or any other substantially equivalent offense established under federal law or the laws of another state.

{¶ 32} Relevant here is R.C. 4506.15(A)(6), which states that no person who holds a commercial driver's license shall drive a motor vehicle in violation of R.C. 4511.19. R.C. 4511.19, is a criminal statute that prohibits the operation of a motor vehicle under the influence of alcohol or drugs generally, or with specific concentrations of alcohol or drugs that are of a higher threshold than those found in R.C. 4506.15(A)(2), (3), and (4).

{¶ 33} Read plainly, R.C. 4506.16(D)(1) requires the registrar of motor vehicles to impose a one-year CDL disqualification upon a first conviction for a violation of any provision of divisions R.C. 4506.15(A)(2) through (12), which in this case is (A)(6). Indisputably, Bowling does not have a conviction for a violation of R.C. 4506.15(A)(6). Thus, the trial court did not err when it reversed the BMV's order of disqualification.

{¶ 34} The majority contends there is a difference between requiring a "conviction for a violation" of a statute and a "conviction under" a statute. There is no difference in the meaning of these phrases. It appears what the majority really wants to do is rewrite

17.

R.C. 4506.16(D)(1) to require disqualification in the event a driver is convicted of a violation of *any statute referenced* in R.C. 4506.15(A)(2)-(12). Had the General Assembly intended to write the statute in that manner it could have done so. It did not. And it is not this court's job to rewrite a statute in order to achieve what it believes to be a more desired result. *See Pelletier*, 2018-Ohio-2121 at ¶ 20.

{¶ 35} The majority, in reaching its result, is persuaded by the State's arguments. But, the State's arguments all suffer from a critical failure to recognize that R.C. 4506.15 is not just a list of conditions or prohibitions; it is itself a criminal statute as specified in R.C. 4506.15(B), which states, "Whoever violates this section is guilty of a misdemeanor of the first degree."

{¶ 36} The State first argues that Bowling's conviction under R.C. 4511.19 is sufficient to meet R.C. 4506.16(D)(1)'s requirement of a "conviction for a violation of any provision of divisions (A)(2) to (12) of section 4506.15 of the Revised Code." This argument, however, wholly ignores the essential part of the plain language of R.C. 4506.16(D)(1) that requires a *conviction* for violation of any provision of the specified criminal statute, which in this case is R.C. 4506.15(A)(6).

{¶ 37} While Bowling's conviction under R.C. 4511.19 is incontrovertible evidence that he violated R.C. 4506.15(A)(6), it is not a *conviction* for a violation of R.C. 4506.15(A)(6). Indeed, how can a person be convicted for a violation of R.C. 4506.15(A)(6) if he or she has never been charged with, and found guilty of, violating that section?

18.

{¶ 38} The State's second argument relies on R.C. 4506.16(J), which requires the registrar to notify a driver of the offense or offenses involved, the length of the disqualification, and the right to request a hearing. Specifically, R.C. 4506.16(J) applies to "a driver who is finally convicted of any offense described in section 4506.15 of the Revised Code or division (D)(4), (5), or (6) of this section and thereby is subject to disqualification." The State argues that Bowling's conviction under R.C. 4511.19 is for an "offense described in section 4506.15," and that any other reading of "described in" would replace those words with "charged under."

{¶ 39} I do not see any error with reading "described in" to be synonymous with "charged under." R.C. 4506.16(J) applies to those drivers who have been "finally convicted of any offense described in section 4506.15." To be finally convicted of an offense, one must first be charged with the offense. Again, the State's argument fails to recognize that R.C. 4506.15 is a separate criminal statute. Here, the offense described in R.C. 4506.15(A)(6) is that it is a first-degree misdemeanor for a holder of a commercial driver's license to "[d]rive a motor vehicle in violation of section 4511.19 of the Revised Code." As already discussed, Bowling was not charged with nor finally convicted of violating R.C. 4506.15(A)(6). Thus, R.C. 4506.16(J) does not support the State's position.

{¶ 40} The State next points to R.C. 4506.16(E) as further proof that a conviction under R.C. 4511.19 is sufficient. R.C. 4506.16(E) provides, in relevant part, "For the purposes of this section, conviction of a violation for which disqualification is required

19.

includes conviction under any municipal ordinance that is substantially similar to any section of the Revised Code that is set forth in division (D) of this section." Division (D) sets forth lengths of disqualification for violations of any provision of R.C. 4506.15(A)(2) to (14), for repeated serious traffic violations, for violations of any provisions of R.C. 4511.61 to 4511.63 (pertaining to railroad crossings), and for driving that constitutes an immediate hazard as defined under federal motor carrier safety regulations. The State argues that it "would be strange if division (E)'s reference to municipal ordinances means ordinances that are equivalents of R.C. 4506.15(A) itself, rather than equivalents of the Revised Code sections that R.C. 4506.15(A) references," because municipalities "are unlikely to legislate equivalents of R.C. 4506.15(A)—a list of conditions that a driver must meet to maintain a commercial driver's license." In so arguing, the state misrepresents R.C. 4506.16(D). Division (D) does not simply refer to R.C. 4506.15(A), but rather to the provisions contained within that section. In this way, R.C. 4506.16(E) makes sense because a municipality could have ordinances that prohibit driving a motor vehicle in the same manner as those set forth in R.C. 4506.15(A)(2) through (14).

{¶ 41} The State also contends that "[d]ivision (E) tells us that conviction under a municipal equivalent of the impaired driving statute would disqualify Bowling because R.C. 4506.15(A)(6) references that municipal ordinance." This is incorrect. R.C. 4506.15(A)(6) makes it a crime to drive a motor vehicle "in violation of section 4511.19 of the Revised Code or a municipal OVI ordinance as defined in section 4511.181 of the

20.

Revised Code." Just as a conviction under R.C. 4511.19 is evidence of, but not a conviction for, a violation of R.C. 4506.15(A)(6), a conviction under a municipal OVI ordinance is also evidence of, but not a conviction for, a violation of R.C. 4506.15(A)(6). Rather, to qualify under R.C. 4506.16(E), the municipal ordinance would have to be substantially similar to R.C. 4506.15(A)(6) in that it prohibits driving in violation of R.C. 4511.19, and the defendant would have had to have been convicted under that municipal ordinance. Thus, R.C. 4506.16(E) does not support the State's position.

{¶ 42} Finally, in addition to its arguments relative to the text of the statute, the State argues that the legislative history of R.C. 4506.16 supports its position that a conviction under R.C. 4511.19 would result in automatic disqualification. I agree with the State that an examination of the legislative history is not necessary where the meaning of the statute is plain and unambiguous, which it is in this case. But even if I were to consider the legislative history, it shows that a conviction under R.C. 4511.19 does not result in automatic disqualification.

{¶ 43} At issue is a 2012 amendment to R.C. 4506.16. Prior to the amendment, R.C. 4506.16(D)(1) stated, "The registrar of motor vehicles shall disqualify any holder of a commercial driver's license . . . from operating a commercial motor vehicle as follows: (1) Upon a first conviction for a violation of any provision of divisions (A)(2) to (9) of section 4506.15 of the Revised Code, *or of section 4511.19* or sections 4549.02 to 4549.03 of the Revised Code, or a similar law of another state or a foreign jurisdiction,

one year." (Emphasis added.) R.C. 4506.15 at the time, made it a misdemeanor of the first degree for a person to:

(1) Drive a commercial motor vehicle while having a measurable or detectable amount of alcohol or of a controlled substance in the person's blood, breath, or urine;

(2) Drive a commercial motor vehicle while having an alcohol concentration of four-hundredths of one per cent or more by whole blood or breath;

(3) Drive a commercial motor vehicle while having an alcohol concentration of forty-eight-thousandths of one per cent or more by blood serum or blood plasma;

(4) Drive a commercial motor vehicle while having an alcohol concentration of fifty-six-thousandths of one per cent or more by urine;

(5) Drive a motor vehicle while under the influence of a controlled substance;

(6) Use a motor vehicle in the commission of a felony;

(7) Refuse to submit to a test under section 4506.17 of the Revised Code;

(8) Operate a commercial motor vehicle while the person's commercial driving privileges are revoked, suspended, canceled, or disqualified;

(9) Cause a fatality through the negligent operation of a commercial motor vehicle, including, but not limited to, the offenses of aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter;

. . .

{¶ 44} Thus, each of the provisions in R.C. 4506.15(A)(2) through (9) constituted a separate offense punishable as a first-degree misdemeanor, and R.C. 4506.16(D)(1) disqualified a driver following a conviction for a violation of one of those provisions *or* following a conviction for a violation of R.C. 4511.19. In the 2012 amendment, the legislature expanded what constitutes a violation under R.C. 4506.15(A), but at the same time changed what would trigger a disqualification under R.C. 4506.16(D)(1). Following the amendment, only a conviction for a violation of any provision of divisions (A)(2) to (12) of R.C. 4506.15 would result in disqualification.[2] No longer does a conviction under R.C. 4511.19 automatically trigger such a result.

{¶ 45} Nonetheless, the State argues that a conviction under R.C. 4511.19 still results in automatic disqualification because "the General Assembly never removed this language cross referencing the impaired driving statute, R.C. 4511.19, from the disqualification statute." This is objectively untrue. R.C. 4506.16 is the disqualification statute. Prior to 2012, it contained R.C. 4511.19. After 2012, it did not. R.C. 4506.15, in contrast, is a criminal statute, the violation of which constitutes a first-degree

---

[2] Not relevant here, but the amended and current versions of R.C. 4506.16(D)(1) also require disqualification where a license has been suspended for refusing to take a chemical test under R.C. 4511.191.

23.

misdemeanor. R.C. 4506.15 does not speak to the punishment of commercial driver's license disqualification.

{¶ 46} The State contends that the amendment's consolidation of disqualifying offenses into R.C. 4506.15(A) "evinces no intent to change the disqualification statute's substance or operation, but rather reinforces that the statute always made disqualification the automatic consequence of an impaired driving conviction, and still does today." I cannot agree. As noted by the State, before 2012, "[R.C. 4506.16(D)(1)] could not have stated more explicitly that a conviction for impaired driving under R.C. 4511.19 results in automatic disqualification even if the charging documents make no reference to any provision of subsection 4506.15(A) of the disqualification statute." That language was removed, leaving only convictions for a violation of any provisions of R.C. 4506.15(A)(2) to (12). To me, this evinces the clear intent of the legislature to require convictions under R.C. 4506.15(A)(2) to (12) for disqualification. The legislature clearly knew how to include convictions under R.C. 4511.19 as it had before 2012, and chose to eliminate them.

{¶ 47} Therefore, for all of the above reasons, I would hold that R.C. 4506.16(D)(1) plainly and unambiguously requires a conviction for a violation of R.C. 4506.15(A)(2) to (12) before imposing a one-year commercial driver's license disqualification, and that a conviction under R.C. 4511.19, by itself, does not automatically trigger such a disqualification. Accordingly, because Bowling was never convicted under R.C. 4506.15(A)(6), I would find the State's assignment of error not

24.

well-taken and would affirm the judgment of the trial court.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.