[Cite as *Boylen v. Ohio Dept. of Pub. Safety, Bur. of Motor Vehicles*, 2025-Ohio-5024.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ADAM D. BOYLEN, | Case No. 2025 CA 00069 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2024 CV 1979 |
| OHIO DEPARTMENT OF PUBLIC SAFETY, BUREAU OF MOTOR VEHICLES, | Judgment:   Affirmed |
| Defendant – Appellee | Date of Judgment Entry: November 3, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** ADAM D. BOYLEN, Pro Se, for Plaintiff-Appellant; DAVE YOST, Attorney General of Ohio, BRITTANY N. COLLINS, Assistant Attorney General, Executive Agency Section, for Defendant-Appellee.

*Baldwin, P.J.*

**{¶1}** The appellant, Adam D. Boylen, appeals the June 3, 2025, judgment of the Stark County Court of Common Pleas ("trial court"), which affirmed the Final Order issued by the Ohio Department of Public Safety, Bureau of Motor Vehicles ("BMV") which disqualified the appellant's commercial driver's license ("CDL"). The appellee is the BMV.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** On March 19, 2013, the appellant was convicted of Operating a Motor Vehicle Under the Influence of Alcohol and/or Drugs ("OVI") in violation of R.C. 4511.19 in the Massillon Municipal Court. As a result, the BMV issued an order disqualifying the appellant's CDL until February 15, 2014. The appellant did not appeal this decision.

{¶3} On June 23, 2023, the Stark County Court of Common Pleas notified the BMV that the appellant had been convicted of Grand Theft of a Motor Vehicle in violation of R.C. 2913.02. The BMV thereafter held a hearing regarding the appellant's lifetime disqualification from holding a CDL pursuant to R.C. 4506.16.

{¶4} At the hearing, the appellant did not dispute either conviction. Instead, he argued that a criminal conviction under R.C. 4506.15 was required before the BMV could impose sanctions pursuant to R.C. 4506.16. The BMV filed a report, to which the appellant timely objected, asserting that R.C. 4506.16(D)(2) requires a person to be charged and convicted under R.C. 4506.15(A)(2) to (12). The BMV issued a Final Order, finding the appellant's interpretation of R.C. 4506.16 incorrect. In the Final Order, the BMV concluded that R.C. 4506.15(A)(2) to (12) lists specific prohibited conduct, and determined that the appellant's convictions fall within those provisions.

{¶5} The appellant timely appealed the BMV's Final Order to the trial court. The trial court found that the BMV's Final Order was supported by reliable, probative, and substantial evidence, and was in accordance with the law.

{¶6} The appellant filed a timely notice of appeal to this Court and herein raises the following two assignments of error:

{¶7} "I. A PERSON CANNOT BE 'CONVICTED FOR A VIOLATION OF RC 4506.15' WITHOUT BEING CHARED WITH THAT OFFENSE AND SUBSEQUENTLY BEING FOUND GUILTY OF THE OFFENSE."

{¶8} "II. ALLOWING THE EXECUTIVE BRANCH, THROUGH THE BMV, TO FIND THAT A PERSON HAS BEEN CONVICTED OF AN OFFENSE THAT THEY WERE

NEVER CHARGED WITH OR FOUND GUILTY OF VIOLATES SEPARATION OF POWERS AND IS UNCONSTITUTIONAL."

## I.

{¶9} In the appellant's first assignment of error, the appellant argues that the trial court erred in affirming the BMV's Final Order disqualifying his CDL because he was never convicted under R.C. 4506.15(A)(2) to (12). We disagree.

### STANDARD OF REVIEW

{¶10} In an appeal of an administrative agency decision under R.C. 2506.01, our review of the common pleas court's judgment is limited to questions of law. *Henley v. Youngstown Bd. of Zoning Appeals*, 2000-Ohio-493; R.C. 2506.04. We do not weigh the evidence or substitute our judgment for that of the common pleas court. *Id*. Instead, our role is limited to reviewing questions of law, employing a de novo standard, and determining whether the trial court abused its discretion in applying the law. *Id*.

### ANALYSIS

{¶11} When interpreting a statute, a court's primary duty is to ascertain the intent of the legislature. *State ex rel. Horizon Science Academy of Lorain, Inc. v. Ohio Dept. of Edn.*, 2021-Ohio-1681, ¶14. The inquiry begins with the statute's plain language. *Id*. Where the language is ambiguous, the court must "interpret the statute to determine the General Assembly's intent." *Tomasik v. Tomasik*, 2006-Ohio-6109, ¶15. However, where the language is clear and unambiguous, the statute must be applied without interpretation. *Wingate v. Hordge*, 60 Ohio St.2d 55, 58 (1979).

{¶12} R.C. 4506.15 states, in pertinent part:

(A)     No person who holds a commercial driver's license or commercial driver's license temporary instruction permit or who operates a motor vehicle for which a commercial driver's license or permit is required shall do any of the following:

* * *

(6) Drive a motor vehicle in violation of section 4511.19 of the Revised Code or a municipal OVI ordinance as defined in section 4511.181 of the Revised Code;

(7) Use a motor vehicle in the commission of a felony[.]

**{¶13}** R.C. 4506.16 states, in pertinent part:

(D)     The registrar of motor vehicles shall disqualify any holder of a commercial driver's license or commercial driver's license temporary instruction permit, or any operator of a commercial motor vehicle for which a commercial driver's license or permit is required, from operating a commercial motor vehicle as follows:

* * *

(2) Upon a second conviction for a violation of any provision of divisions (A)(2) to (12) of section 4506.15 of the Revised Code * * * arising from two or more separate incidents, the person shall be disqualified for life or for any other period of time as determined by the United States secretary of transportation and designated by the director of public safety by rule[.]

**{¶14}** In the case sub judice, the appellant does not dispute that he has convictions for OVI under R.C. 4511.19 and Grand Theft of a Motor Vehicle under R.C.

2913.02, a felony. The appellant also does not dispute that this is prohibited conduct described in R.C. 4506.15(A)(2) to (12). Rather, he argues that disqualification under R.C. 4506.16(D)(2) requires the prosecutor to charge and convict him under R.C. 4506.15(A)(2) to (12), not merely for conduct described within it.

{¶15} However, the Sixth District Court of Appeals recently addressed similar language in *Bowling v. Norman*, 2024-Ohio-2658 (6th Dist.). R.C. 4506.15(D)(1) states:

> (D) The registrar of motor vehicles shall disqualify any holder of a commercial driver's license or commercial driver's license temporary instruction permit, or any operator of a commercial motor vehicle for which a commercial driver's license or permit is required, from operating a commercial motor vehicle as follows:
>
> (1)　　Upon a first conviction for a violation of any provision of divisions (A)(2) to (12) of section 4506.15 of the Revised Code or a similar law of another state or a foreign jurisdiction, or upon a first suspension imposed under section 4511.191 of the Revised Code or a similar law of another state or foreign jurisdiction, one year[.]

In *Bowling*, the Sixth District found that R.C. 4506.15 and 4506.16 are clear and unambiguous. *Id*. at ¶24. The Court explained that "R.C. 4506.16(D)(1) requires a conviction for a *violation* of R.C. 4506.15(A)(2) to (12)—not a conviction *under* R.C. 4506.15(A)(2) to (12)." *Id*. at ¶25. Therefore, it was not necessary that the CDL holder be specifically charged and convicted under R.C. 4506.15(A)(2) to (12) to trigger R.C. 4506.16.

**{¶16}** Similarly, in the case sub judice, the appellant's argument that disqualification under R.C. 4506.16(D)(2) requires he be charged and convicted under R.C. 4506.15 is not consistent with the language of the statute. Similar to *Bowling*, we find R.C. 4506.16(D)(2) requires convictions for violations of R.C. 4506.15(A)(2) to (12)—not convictions under R.C. 4506.15(A)(2) to (12). R.C. 4506.15(A)(6) and (7) prohibit a CDL holder from driving a motor vehicle in violation of R.C. 4511.19 and from using a motor vehicle in the commission of a felony, respectively. The appellant does not dispute that he was convicted of OVI in violation of R.C. 4511.19 and Grand Theft of a Motor Vehicle in violation of R.C. 2913.02, a felony. Due to these convictions, R.C. 4506.16(D)(2) requires the registrar of the BMV to disqualify him from operating a commercial motor vehicle for life or for another period of time as determined by the United States Secretary of Transportation. Accordingly, the trial court did not err as a matter of law when it affirmed the registrar's Final Order disqualifying the appellant's CDL.

**{¶17}** The appellant's first assignment of error is overruled.

**II.**

**{¶18}** In the appellant's second assignment of error, the appellant argues that allowing the BMV to find that a person has been convicted of an offense they were never charged with or found guilty of violates separation of powers and is unconstitutional. He also mentions that he was not provided adequate notice that his convictions could result in CDL disqualification. We disagree.

**STANDARD OF REVIEW**

**{¶19}** "When considering the constitutionality of a statute, [a reviewing] court 'presume[s] the constitutionality of the legislation, and the party challenging the validity of

the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.' " *Dayton v. State*, 2017-Ohio-6909, ¶12, quoting *Wilson v. Kasich*, 2012-Ohio-5367, ¶18. The party challenging the statute has "a 'heavy burden' when attempting to overcome the presumption of constitutionality." *Dayton* at ¶12.

## ANALYSIS

{¶20} The appellant raises an "as-applied" constitutional challenge, asserting that the application of R.C. 4506.16 to his circumstances violates separation of powers principles. When challenging the constitutionality of the application of a statute, the challenging party "contends that the 'application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. The practical effect of holding a statute unconstitutional "as applied" is to prevent its future application in a similar context, but not to render it utterly inoperative.' " *State v. Yajnik v. Akron Dept. of Health, Hous. Div.*, 2004-Ohio-357, ¶14, *quoting Ada v. Guam Soc. Of Obstetricians & Gynecologists* (1992), 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (Scalia, J., dissenting).

{¶21} The appellant contends the trial court's decision allows the BMV to "deem into existence a conviction" under R.C. 4506.15 since he was never charged or convicted under R.C. 4506.15. However, as explained above, R.C. 4506.15(D)(2) requires convictions for violations of R.C. 4506.15(A)(2) to (12)—not convictions under R.C. 4506.15(A)(2) to (12). *Bowling* at ¶25. The appellant was convicted of violating R.C. 4511.19 and R.C. 2913.02, a felony while using a motor vehicle. Both of these convictions are described in the prohibitions listed in R.C. 4506.15(A)(2) to (12). This obviates the appellant's concern that the BMV may "deem into existence a conviction." *Id*. Accordingly,

the appellant has failed to prove beyond a reasonable doubt that the statute is unconstitutional.

**{¶22}** The appellant also briefly alludes that he lacked adequate notice that his convictions could result in the disqualification of his CDL, depriving him of due process. The party claiming a due process violation bears the burden of showing that the process provided was inadequate. Here, R.C. 4506.16(D) provides clear statutory notice that two qualifying convictions result in lifetime disqualification. "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); *State v. Wheatley*, 2018-Ohio-464, ¶36. Furthermore, the appellant availed himself of a hearing with the BMV and appealed to both the trial court and this Court. Accordingly, the appellant has failed to establish a due process violation.

**{¶23}** The appellant's second assignment of error is overruled.

## CONCLUSION

{¶24} Based upon the foregoing, the decision by Stark County Court of Common Pleas is hereby affirmed.

{¶25} Costs to the appellant.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.